Candace **CARRABUS**, Kenneth Barry, Doug Bessemir, Peter Beihoff, Anthony Bocchimuzzo, Jr., Ronald Brockman, Ray Brogan, Robert Carlock, Cindy Cashman, Frank Corso, Barbara Dancome, John Delvecchio, Michael Destefano, Michael Diresta, Thomas Evans, David Driscoll, John Flynn, Robert Fulton, Steven Gordon, Mark Hawthorne, William Hayden, Christopher Hembury, Kevin Holtje,

---

[1]. The Honorable David G. Larimer, Chief Judge of the United States District Court for the Western District of New York, sitting by designation.

**34**

Kenneth Jurgenson, John Kamor, James R. Kelly, George Keupp, Jason Korte, Daniel Kral, Steve Kueck, Christopher Lambert, Kevin Linkletter, Scott Lloyd, Vincent Marcoccia, William Meed, Timothy McAllister, Christopher Mohl, John Moisa, Craig Molyneux, Francis Morgan, James Moran, Colleen Murphy, Jose Nunez, William Nass, Colleen Ommundsen, Richard Oliver, Joseph Procopio, Rosemary Rigby, Juan Regueiro, Albert Rodd, Patrick Sheridan, John Rogowski, John A. Rung, Scott Glenn, David Sterne, Michael Stopanio, Christopher Tucker, Wayne Sailor, Robert Smith, Todd Sullivan, Philip Trocchio, Michael Vella, Joel Vetter, Joseph Walker, Keith Wehr, Joseph Yip, Plaintiffs–Appellants,

v.

**Alan SCHNEIDER, Personnel Officer of the County of Suffolk and Suffolk County, Defendants–Appellees,**

**United States of America, Intervenor–Defendant–Appellee.**

**Docket No. 00–6322.**

United States Court of Appeals, Second Circuit.

June 20, 2001.

A. Craig Purcell, Esq., Rubin & Purcell, Hauppauge, NY, for appellants.

Robert H. Cabble, Esq.; Robert J. Cimino, Suffolk County Attorney, on the brief, Happauge, NY, for defendants-appellees.

Lisa Stark, Esq.; William R. Yeoman, Acting Assistant Attorney General, and Dennis Dimsey, Attorney, United States Department of Justice, on the brief, Washington, D.C., for intervenor-defendant-appellee.

Present WALKER, Chief Judge, CALABRESI and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants Candace Carrabus, Christopher Barry, et al ("Carrabus plaintiffs") appeal from a September 26, 2000 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *J.*) dismissing all of the Carrabus plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6). On appeal, the Carrabus plaintiffs argue that the district court erroneously concluded that they failed to state a claim pursuant to Title VII of the Civil Rights Act of 1964, § 42 U.S.C. § 2000e et seq.; the Tenth Amendment; the Privileges and Immunities Clause; the governing Consent Decree; or various provisions of New York state and municipal law. We agree that the Carrabus plaintiffs failed to state a claim, and we therefore affirm the judgment of the district court.

In 1986, the United States and the County of Suffolk, the Suffolk County Civil Service Commission and the Suffolk County Police Department ("SCPD") entered into a consent decree, approved by the district court (Nickerson, *J.*), the purpose of which, in relevant part, is to "ensure that women, blacks and Hispanics are considered for employment by Suffolk County in the SCPD on an equal basis with white males." Pursuant to the consent decree, Suffolk County, with the assistance of Richardson, Henry, Bellows & Co.

("RHB"), a consultant, developed a hiring examination that would comport with Title VII. This examination was approved by the district court, and Suffolk County administered this test to prospective police officers in 1988, 1992, and 1996.

The 1996 test results were disregarded, and no officers were hired based on the results of this test, because of widespread cheating on the 1996 exam. Suffolk County, in a three year process, developed a new examination with the assistance of another consultancy, SHL Landy, Jacobs ("SHL"). The Consent Decree requires that Suffolk County provide the United States with notice at least 90 days prior to the implementation of any changes to the hiring or selection criteria. Suffolk County complied with this requirement and the Department of Justice endorsed the use of the SHL test, after conducting an independent review. The Consent Decree does not require that the district court approve any entrance examination other than the RHB examination. On May 22, 1999, Suffolk County administered the SHL examination to SCPD applicants. None of the Carrabus plaintiffs scored sufficiently high on the SHL examination to advance to the secondary level of screening, and the Carrabus plaintiffs now challenge the legality of the SHL exam.

On May 17, 2000, the Carrabus plaintiffs commenced a N.Y. C.P.L.R. Article 78 proceeding against the defendants-appellants, Alan Schneider and the County of Suffolk ("Suffolk County defendants") in New York Supreme Court seeking review of the SHL examination. Five days later, the Suffolk County defendants filed a notice of removal from state to federal court. On June 19, 2000, the Carrabus plaintiffs moved to remand the case back to state court. The next day, the United States intervened as a party. On June 28, 2000, the Suffolk County defendants and the United States opposed the motion to remand. In an order dated July 28, 2000, the district court denied the Carrabus plaintiffs' motion for remand. On August 25, 2000, the Suffolk County defendants and the United States filed a motion to dismiss the petition. The district court granted this motion, and it is from this judgment that the Carrabus plaintiffs currently appeal.

This court reviews a district court's decision granting dismissal pursuant to Fed. R.Civ.P. 12(b)(6) de novo, accepting all allegations in the complaint as true and draw all inferences in favor of the plaintiff. See ICOM Holding, Inc. v. MCI Worldcom, Inc., 238 F.3d 219, 221 (2d Cir.2001). However, if a complaint "consist[s] only of naked assertions, and set[s] forth no facts upon which a court could find a violation [of federal, state or municipal law], [a plaintiff] fails to state a claim under Rule 12(b)(6)." Gregory v. Daly, 243 F.3d 687, 692 (2d Cir.2001) (internal quotations and citations omitted).

For substantially the reasons stated by the district court in its thoughtful and thorough opinion, the Carrabus plaintiffs' petition was properly dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The judgment of the district court is therefore AFFIRMED.